**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION | Case No. 1:24-cv-06795 |
| | MDL No. 3121 |
| *This Document Relates To:* | Hon. Matthew F. Kennelly |
| Gateway4ABA, Inc. v. MultiPlan, Inc., et al | **DIRECT FILED COMPLAINT PURSUANT TO MDL ORDER 7** |

**DIRECT ACTION PLAINTIFF SHORT-FORM COMPLAINT**

The Plaintiff named below files this Short-Form Complaint and (if checked off below) Demand for Jury Trial against the Defendant(s) named below by and through the undersigned counsel. Plaintiff incorporates by reference the factual allegations, as well as the claims and relief checked off below, sought in Plaintiffs' Consolidated Master Direct Action Plaintiff Complaint ("Consolidated Master DAP Complaint") as it relates to the named Defendant(s) (checked-off below), filed in *In re Multiplan Health Insurance Provider Litigation,* MDL No. 3121, in the United States District Court for the Northern District of Illinois. Plaintiff files this Short-Form Complaint as permitted by Case Management Order No 6.

Plaintiff indicates by checking the relevant boxes below the Parties, Designated Forum, Jurisdiction and Venue, Causes of Actions and other Relevant Information specific to Plaintiff's case. Plaintiff, by and through the undersigned counsel, alleges as follows:

## I.     IDENTIFICATION OF PARTIES

### A.  PLAINTIFF

1. Name of the Plaintiff alleging claims against Defendant(s): Gateway4ABA, Inc.

2. For each Plaintiff that is a corporation, list the state of incorporation and state of principal place of business. For each Plaintiff that is an LLC or partnership, list the state citizenship of each of its members.  For each Plaintiff that is a natural person, list the state of residency and citizenship at the time of the filing of this Short-Form Complaint [Indicate State[s]]:

   - Virginia

### B.  DEFENDANT(S)

3. Plaintiff names the following Defendant(s)[1] in this action [*Check all that apply*]:

| | |
|---|---|
| X | Multiplan |
| X | Aetna, Inc., a subsidiary of CVS Health Corporation |
| | Blue Shield of California Life & Health Insurance Company |
| | Blue Cross Blue Shield of Michigan Mutual Insurance Company |
| | Aware Integrated, Inc. and BCBSM, Inc. d/b/a Blue Cross Blue Shield Of Minnesota |
| | Cambia Health Solutions, Inc. f/k/a The Regence Group |
| | Centene Corporation |
| | The Cigna Group |
| X | Elevance Health, Inc. f/k/a Anthem, Inc. |
| | Health Care Service Corporation |
| | Highmark Health |
| | Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey |

---

[1] Each Defendant named in this Short Form Complaint includes each of that entity's executives, employees, directors, and majority-owned subsidiaries. For example, UnitedHealth Group Inc. includes, among others, the following majority-owned subsidiaries: United Healthcare Insurance Company, and its affiliates; United Healthcare Services Inc.; United Healthcare Service LLC; Oxford Benefit Management, Inc.; UMR, Inc.; Sierra Health and Life Insurance Company, Inc.; Sierra Health-Care Options, Inc.; Health Plan of Nevada, Inc.; and United Healthcare of Florida, Inc.

| | Humana Inc. |
| | Kaiser Foundation Health Plan, Inc. |
| | Molina Healthcare, Inc. |
| | UnitedHealth Group Inc. |
| | Allied National, LLC |
| | Benefit Plans Administrators of Eau Claire, LLC |
| | Central States, Southeast and Southwest Areas Pension Fund |
| | Consociate, Inc. d/b/a Consociate Health |
| | Healthcare Highways Health Plan (ASO), LLC |
| | Secure Health Plans Of Georgia, LLC D/B/A Secure Health |
| | Sanford Health Plan |
| | CareFirst Of Maryland |
| | Blue Cross Blue Shield of Massachusetts |

## C. OTHER DEFENDANTS

For each "Other Defendant" Plaintiff contends are additional parties and are liable or responsible for Plaintiff's damages alleged herein, Plaintiff must identify by name each Defendant and its citizenship, and Plaintiff must plead the specific facts supporting any claim against each "Other Defendant" in a manner complying with the requirements of the Federal Rules of Civil Procedure. In doing so, Plaintiff may attach additional pages to this Short-Form Complaint.

| | NAME | CITIZENSHIP |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |

## II.     DESIGNATED FORUM

4.  For Direct Filed Cases: Identify the Federal District Court in which the Plaintiff would have filed in the absence of direct filing: <u>Northern District of Illinois</u>

5.  For Transferred Cases: Identify the Federal District Court in which the Plaintiff originally filed and the date of filing: _____

## III.     JURISDICTION AND VENUE

6.  Subject Matter Jurisdiction in is based on:

☐      Diversity of Citizenship
☒      Federal Question
☒      Other (The basis of any additional grounds for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

Venue is proper in this court under Section 12 of the Clayton Antitrust Act, 15 U.S.C. § 22, and 28 U.S.C. § 1391, because one or more of Defendants maintain business facilities, have agents, transact business, and are otherwise found within the Northern District of Illinois, including, with respect to MultiPlan, by carrying out its business in its Naperville, IL office and, with respect to every other Defendant, by contracting with MultiPlan to serve as its agent and transacting business with MultiPlan through its Naperville, IL location with respect to the pricing and other concerted conduct at issue in this litigation.

The Court has personal jurisdiction over Defendants under Section 12 of the Clayton Antitrust Act, 15 U.S.C. § 22, and Illinois' long-arm statute, 735 Ill. Comp. Stat. 5/2-209(a). Defendants, directly or through their divisions, subsidiaries, predecessors, agents, or affiliates, may be found in and transact business in Illinois, including by sending confidential, proprietary claims data concerning claims for out-of-network services to MultiPlan for pricing using MultiPlan's pricing methodology; using MultiPlan's common pricing methodology to set prices and pay claims for out-of-network services; entering into agreements with co¬conspirators located in Illinois to set prices for out-of-network services using a common pricing methodology; and holding meetings in furtherance of the MultiPlan Cartel with co-conspirator in Illinois.

---

**IV. FACTS AND INJURIES ASSERTED**

7. Plaintiff adopts all paragraphs of the Consolidated Master DAP Complaint by reference, except for the allegations set forth in any cause of action that Plaintiff does not adopt (as indicated below).

8. Plaintiff adopts and alleges as injuries resulting from the challenged conduct the injuries to DAPs set forth in the Consolidated Master DAP Complaint.

**V. ADDITIONAL FACTS DEMONSTRATING STANDING TO BRING CAUSES OF ACTION**

9. Plaintiff alleges the following additional facts in support of its standing to bring causes of action:

_____
_____
_____

**VI. CAUSES OF ACTION ASSERTED**

10. Plaintiff adopts and asserts the following Causes of Action alleged in the Consolidated Master DAP Complaint, and the allegations with regard thereto, against the Defendants identified above, are adopted in this *Short-Form Complaint* by reference (*check all that are adopted*).

| Check all that apply | Count | Cause of Action | Law pursuant to which the cause of action is asserted in the Master Complaint |
|---|---|---|---|
| X | I | Horizontal Agreements in Restraint of Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| X | II | Hub-And-Spoke Agreement in Restraint of Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| X | III | Principal-Agent Combinations in Restraint of Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |

5

| Check all that apply | Count | Cause of Action | Law pursuant to which the cause of action is asserted in the Master Complaint |
|---|---|---|---|
| X | IV | Agreements to Unreasonably Restrain Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| X | V | Anticompetitive Information Exchange (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| | VI | Violation of State and D.C. Antitrust Statutes | |
| | VII | Violation of State Consumer Protection Laws | |
| | VIII | Unjust Enrichment | _____ |

## NOTE

If Plaintiff wants to allege additional Causes of Action other than those selected in the preceding paragraph, which are the Causes of Action set forth in the Master Complaint, the facts supporting those additional Causes of Action, must be pled in a manner complying with the requirements of the Federal Rules of Civil Procedure. In doing so, Plaintiff may attach additional pages to this Short-Form Complaint.

## VII.   ADDITIONAL CAUSES OF ACTION

11. Plaintiff asserts the following additional Causes of Action and supporting allegations against the following Defendants:

[*Check the applicable box*]:



X   **WHEREFORE,** Plaintiff prays for all available compensatory damages, treble damages, punitive damages in amounts to be proven at trial, declaratory and injunctive relief and judgment against Defendant(s) and all such further relief that this Court deems equitable and just as set forth in the Master Complaint, and any additional relief to which Plaintiff may be entitled, including disgorgement.

**WHEREFORE,** Plaintiff prays for declaratory and injunctive relief and judgment against Defendant(s) and all such further relief that this Court deems equitable and just as set forth in the Master Complaint, and any additional relief to which Plaintiff may be entitled.

## JURY DEMAND

[*Check the applicable box*]:

| X | Plaintiff hereby **demands** a trial by jury as to all claims in this action. |

| ☐ | Plaintiff does not demand a trial by jury as to all claims in this action. |

\*\*\*\*

By signature below, Plaintiff's counsel hereby confirms its/his/her submission to the authority and jurisdiction of the United States District Court of the Northern District of Illinois and oversight of counsel's duties under Federal Rule of Civil Procedure 11, including enforcement as necessary through sanctions and/or revocation of pro hac vice status.

Dated: May 22, 2026

**Napoli Shkolnik**

*/s/ Nestor D. Galarza*
Nestor D. Galarza

Nestor D. Galarza (pro hac vice)
Ngalarza@nsprlaw.com
Paul J. Napoli (IL #: 6307568)
PNapoli@NSPRLaw.com
Hunter J. Shkolnik (pro hac vice)
Hunter@NSPRLaw.com
NS PR Law Services, LLC
1302 Avenida Ponce de León
Santurce, Puerto Rico 00907

Shayna E. Sacks (pro hac vice)
Ssacks@napolilaw.com
Napoli Shkolnik PLLC
360 Lexington Avenue, Eleven Floor
New York, New York 10017

**Gilbert LLP**

*/s/ Matthew M. Lavin*
Matthew M. Lavin

Matthew M. Lavin (pro hac vice)
lavinm@gilbertlegal.com
Gilbert LLP

7

700 Pennsylvania Ave SE, Ste 400
Washington, DC 20003
Telephone: 202.772.2200
Fax: 202.772.3333

**Seeger Weiss LLP**

*/s/ Christopher A. Seeger*
Christopher A. Seeger

Christopher A. Seeger (pro hac vice)
cseeger@seegerweiss.com
Jennifer R. Scullion (pro hac vice)
jscullion@seegerweiss.com
Seeger Weiss LLP
55 Challenger Road 6th Fl.
Ridgefield Park, NJ 07660
Telephone: 973.639.9100
Fax: 973.679.8656

*Attorneys for Plaintiff*

8

<u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on May 22, 2026, he/she electronically filed a copy of the attached via the CM/ECF filing system, which sent notification of such filing to all Filing Users.

*/s/ Nestor D. Galarza*
*Attorneys for Plaintiff*
